Catron, Ch. J.
delivered the opinion of the court.
Brown sued Simpson in assumpsit, and declared that Simpson, on the 1st January, 1832, promised to pay Brown four hundred and fifty dollars in cash notes on solvent men in Montgomery county. To this the money counts were added.
On the trial, (judgment by default, for want of plea having been taken,) the plaintiff read the note to the jury arid rested his case. Damages were assessed to the amount of four hundred and fifty dollars, with interest. Defendant moved to set the verdict aside. The court refused. Exceptions were filed; a writ of error prosecuted to the circuit court where the judgment was affirmed; and the defendant below now brings the cause to this court, and insists that the jury were not authorized to assess any damages above nominal, because no proof of the value of the promissory notes was made on the trial of the writ of enquiry. Two of the decisions of this court in manuscript have been read to us to sustain the position.
In the first cause, it is contended, with great plausibility, that the only measure of damages, could be the precise sum in dollars called for on the face of the paper. The court decided that the jury must estimate the cash value of the notes of hand on the day the contract was broken.
In the second, the notes were proved worth less when sold in market to those in the habit of speculating in paper, than the amount called for on the face of the contract; but the jury found the full value. The court affirmed the judgment for the reasons stated in the opinion. Murry vs. M’Mackin, 4 Yerger’s Rep. 47.
In this present case, the courtis of opinion, the contract was prima facie evidence that the notes of hand, (on good solvent men of the county where the contract was made,) were of cash value when they should have been *297 paid: and if they were not of equal value to cash, it lay upon the delendanl to prove they were worth less, and how much. The court have in this, as in every other case of construing contracts, felt it their duty to avoid extremes either way. To say the contract was conclusive of the value, would often be untrue, and violate the sense of society; and to hold that the contract was no evidence of value, would be evidently in violation of its intention. In enforcing the performance, therefore, of contracts for the payment of bank notes, and notes of hand, this court has permitted the cash value to be proved, but it never has been doubted that the sum called for in the contract was tbe prima facie standard of value. The judgment will be affirmed.
Judgment affirmed.